UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COLT BORGESON,

                Plaintiff,

    v.

C/O REBECCA FARRELL,

                Defendant.

Case No. C18-0354-MJP-MAT

ORDER DENYING PLAINTIFF'S
MOTIONS TO COMPEL DISCOVERY
AND FOR PRODUCTION OF
DOCUMENTS

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's motions to compel discovery and for production of documents. The Court, having considered plaintiff's motions, and the balance of the record, hereby finds and ORDERS as follows:

(1)     Plaintiff's motion to compel discovery (Dkt. 19) is DENIED. Plaintiff seeks an order compelling defendant Rebecca Farrell to produce documents which plaintiff requested in his first requests for production of documents. He also seeks an award of costs in the amount of $1500 as reasonable expenses for obtaining an order to compel. Defendant opposes plaintiff's motion to compel on the grounds that plaintiff's motion was premature, that defendant timely provided a response to plaintiff's discovery requests, and that plaintiff failed to make any effort to contact

defendant's counsel to discuss the discovery issue before filing his motion. Defendant also opposes plaintiff's request for costs.

Pursuant to the Federal Rules of Civil Procedure, a party responding to a request for production of documents must respond in writing within thirty days after being served with the request. Fed. R. Civ. P. 34(b)(2)(A). However, when the last day of a time period specified in the Federal Rules of Civil Procedure falls on a weekend or legal holiday, the period runs until the end of the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(1)(C). The record reflects that plaintiff's first requests for production of documents were mailed to defendant on July 19, 2018. (*See* Dkt. 21, Ex. 1.) Thus, the thirty day response period would have expired on August 19, 2018, but for the fact that that was a Sunday. Under the rules, defendant Farrell's responses were due on Monday, August 20, 2018, and the record shows that defendant did, in fact, provide her responses by that date. (*See id.*, Ex. 2.) Defendant's responses were therefore timely, rendering plaintiff's motion effectively moot.

To the extent plaintiff requests an award of costs, his request is frivolous. As defendant correctly points out, plaintiff mailed his motion to compel to the Court on August 17, 2018, days before the responses to plaintiff's discovery requests were even due.[1] (*See* Dkt. 21, Ex. 3.) In addition, the record suggests that plaintiff made no apparent effort to confer with counsel regarding the outstanding discovery requests before filing his motion to compel as is required by Fed. R. Civ. P. 37(a)(1) and Local Civil Rule (LCR) 37(a)(1). Had plaintiff made an effort to resolve the discovery issue as the rules require, he likely would have, or at least should have, discovered that his motion was unnecessary.

---

[1] Plaintiff dated his motion August 18, 2018, but the postmark on the envelope in which he mailed the motion shows that it was mailed the day before, August 17, 2018. (*See* Dkt. 21, Ex. 3 at 3.)

ORDER DENYING PLAINTIFF'S MOTIONS
TO COMPEL DISCOVERY AND FOR
PRODUCTION OF DOCUMENTS - 2

(2)     Plaintiff's motion for production of documents (Dkt. 23) is STRICKEN.  Plaintiff's motion is, in effect, a discovery request.  Discovery requests are not to be filed with the Court.  *See* Fed. R. Civ. P. 5(d)(1).  Plaintiff must direct his request to the party or entity from whom he wishes to obtain the requested materials in accordance with the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26-36, 45.

(3)     The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendant, and to the Honorable Marsha J. Pechman.

Dated this <u>13th</u> day of September, 2018.

Mary Alice Theiler
United States Magistrate Judge